IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LAUNDRE CLEMON,

        Petitioner,                           No. CIV S-05-1610 MCE EFB P

     vs.

SCOTT KERNAN, et al.,

        Respondents.                    FINDINGS AND RECOMMENDATIONS

_____/

      Petitioner is a state prisoner proceeding *in propria persona* with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges a September 12, 2003 judgment of conviction entered against him in the Placer County Superior Court on charges of two counts of grand theft, two counts of uttering fictitious checks, and two counts of second degree burglary, with an allegation that petitioner committed the offenses while released on his own recognizance in another pending case. He seeks relief on the grounds that: (1) jury instruction error violated his right to due process; and (2) the evidence was insufficient to support one of his convictions for grand theft. Upon careful consideration of the record and the applicable law, the undersigned recommends that petitioner's application for habeas corpus relief be denied.

////

1

## I. Procedural and Factual Background[1]

> A jury convicted defendant Laundre Randell Clemon of two counts of grand theft (Pen.Code, § 487, subd. (a); further section references are to this code), two counts of uttering fictitious checks (§ 476), and two counts of second degree burglary (§ 459), and found that he committing the crimes while released on bail or his own recognizance in another case (§ 12022.1). He was sentenced to a state prison term of three years four months to run consecutively to a term imposed in another case.
>
> * * *
>
> On September 25, 2002, defendant went into a jewelry store and bought a man's ring for $402.17. He paid for the ring with a check written on his bank account that had been overdrawn and closed for nearly five years. He initialed a sales slip with the name and address on the check.
>
> The next day, defendant brought a woman into the jewelry store and bought two more rings, again paying by check drawn on his closed account. Before defendant picked up the receipt, the owner discovered the check was drawn on a long-closed account. Defendant left with the rings. The owner called the police and followed defendant.
>
> Roseville police recovered one ring and partial checkbooks from defendant's pockets.
>
> Defendant's mother testified she told him before the thefts that she was going to deposit more than $1,000 into his account but forgot to do so.

## II. Analysis

### A. Standards for a Writ of Habeas Corpus

Federal habeas corpus relief is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

---

[1] The following summary is drawn from the October 5, 2004 opinion by the California Court of Appeal for the Third Appellate District (hereinafter Opinion), at pp. 1-2, filed in this court on October 4, 2005, as Lodged Doc. 1. This court presumes that the state court's findings of fact are correct unless petitioner rebuts that presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004). Petitioner has not overcome the presumption with respect to the underlying events. The court will therefore rely on the state court's recitation of the facts.

2

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Under section 2254(d)(1), a state court decision is "contrary to" clearly established United States Supreme Court precedents "if it 'applies a rule that contradicts the governing law set forth in [Supreme Court] cases', or if it 'confronts a set of facts that are materially indistinguishable from a decision'" of the Supreme Court and nevertheless arrives at a different result. *Early v. Packer*, 537 U.S. 3, 8 (2002) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000)).

Under the "unreasonable application" clause of section 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *Williams*, 529 U.S. at 413. A federal habeas court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 412; *see also Lockyer v. Andrade*, 538 U.S. 63, 75 (2003) (it is "not enough that a federal habeas court, in its independent review of the legal question, is left with a 'firm conviction' that the state court was 'erroneous.'")

The court looks to the last reasoned state court decision as the basis for the state court judgment. *Avila v. Galaza*, 297 F.3d 911, 918 (9th Cir. 2002). Where the state court reaches a decision on the merits but provides no reasoning to support its conclusion, a federal habeas court independently reviews the record to determine whether habeas corpus relief is available under section 2254(d). *Delgado v. Lewis*, 223 F.3d 976, 982 (9th Cir. 2000).

////

B.  Petitioner's Claims

**1.  Jury Instruction Error**

Petitioner's first claim is that one of the jury instructions given by the trial court lessened the prosecutor's burden of proving beyond a reasonable doubt that petitioner committed each element of the charged crimes.

This claim was rejected by the California Court of Appeal in a written decision on petitioner's direct appeal, and by the California Supreme Court without comment on petition for review.  Lodged Docs. 1, 2.  The California Court of Appeal explained the background to the claim and its reasoning thereon as follows:

> Defendant contends the trial court "irremediably confused the jurors" by modifying CALJIC No. 2.61 (the right of a defendant to rely upon the evidence and not to testify) by inserting a sentence from CALJIC No. 2.72 (the need for a corpus delicti to be proved before a confession or admission is considered).  As we will explain, although the court's combination of instructions was erroneous, they did not lower the prosecution's burden of proof as defendant claims.
>
> When reading the instructions, the trial court inexplicably instructed the jury:
>
> "In deciding whether or not to testify, the defendant may choose to rely on the state of the evidence and upon the failure, if any, of the People to prove beyond a reasonable doubt every essential element of the charge or charges against him.
>
> "No lack of testify [ sic ] on the defendant's part will make up for a failure of proof by the People so as to support a finding against him on any such essential element.  No person may be convicted of a criminal offense unless there is some proof of each element of the crime.
>
> "And in just a moment, I'll be telling you about the alleged crimes and going through the elements one by one.  The identity of the person alleged to have ... committed a crime is not an element of the crime." (Italics added.)

////

////

////

4

> Thus, the trial court began with CALJIC No. 2.61, properly instructing the jury that a defendant need not testify and then, for unknown reasons, jumped to CALJIC No. 2.72.[2]
>
> We determine the correctness of jury instructions by examining the entire charge of the court, not from a consideration of parts of an instruction or from a particular instruction. (*People v. Burgener* (1986) 41 Cal.3d 505, 538.)  We also presume that the jury is capable of following the instructions as given. (*People v.. Bradford* (1997) 15 Cal.4th 1229, 1337.)  "[N]ot every ambiguity, inconsistency, or deficiency in a jury instruction rises to the level of a due process violation.  The question is '"whether the ailing instruction ... so infected the entire trial that the resulting conviction violates due process."'  [Citations.]  '"[A] single instruction to a jury may not be judged in artificial isolation, but must be viewed in the context of the overall charge."'  [Citations].  If the charge as a whole is ambiguous, the question is whether there is a '"reasonable likelihood that the jury has applied the challenged instruction in a way" that violates the Constitution.'  [Citations.]"  (*Middleton v. McNeil* (2004) 541 U.S. 433, ---- [158 L.Ed.2d 701, 707].)
>
> We agree with defendant that no portion of CALJIC No. 2.72 was applicable to this case because no confession or admission was in evidence.  We also agree the "some evidence" requirement for the corpus delicti is different than the beyond a reasonable doubt standard for conviction.
>
> However, defendant was not prejudiced by the trial court's instructional error.  The jury was properly instructed with definitions of reasonable doubt, the presumption of innocence, and the burden of proof, and it was told to disregard inapplicable instructions.  (CALJIC Nos. 1.01, 2.90, 17.31.)  Considering the entire charge of the court, the jury would not have understood the incorrect instructions to allow a conviction without the prosecutor having proved each element of the charges beyond a reasonable doubt.  In other words, the erroneous inclusion of parts of CALJIC No. 2.72 was harmless.

Opinion at 2-5.

As explained by the California Court of Appeal, the trial judge read the entire text of CALJIC No. 2.61 to petitioner's jury, including the portion which described the People's burden

---

[2] Fidelity to the actual language of CALJIC instructions and the guidance provided by the accompanying Use Notes is always the better approach.  Deviation from the norm is quite often confusing and invites trouble, in addition to unnecessary litigation.

5

"to prove beyond a reasonable doubt every essential element of the charge against [petitioner]."[3] Reporter's Transcript on Appeal (RT) at 299-300. However, the court then instructed the jury with a portion of CALJIC 2.72, to the effect that "no person may be convicted of a criminal offense unless there is *some proof* of each element of the crime . . . ." *Id.* at 300 (emphasis added).[4] Petitioner is apparently arguing that this portion of CALJIC 2.72 may have led the jury to believe that the prosecutor was only required to prove each element of the charges against petitioner with "some proof," and not with proof "beyond a reasonable doubt." He argues that this constituted "structural error" because it lowered the prosecutor's burden of proof beyond a reasonable doubt. *See Sullivan v. Louisiana*, 508 U.S. 275 (1993) (constitutionally deficient reasonable-doubt instruction required reversal of conviction); *In re Winship*, 397 U.S. 358 (1970) (due process clause requires proof beyond a reasonable doubt of every fact necessary to constitute the charged crime).

////

---

[3] CALJIC 2.61 provides as follows:

> In deciding whether or not to testify, the defendant may choose to rely on the state of the evidence and upon the failure, if any, of the People to prove beyond a reasonable doubt every essential element of the charge against [him] [her]. No lack of testimony on defendant's part will make up for a failure of proof by the People so as to support a finding against [him] [her] on any essential element.

[4] CALJIC 2.72 provides as follows:

> No person may be convicted of a criminal offense unless there is some proof of each element of the crime independent of any [confession] [or] [admission] made by [him] [her] outside of this trial.
>
> The identity of the person who is alleged to have committed a crime is not an element of the crime [nor is the degree of the crime]. The identity [or degree of the crime] may be established by [a] [an] [confession] [or] [admission].

In general, a challenge to jury instructions alone does not state a federal constitutional claim. *See Middleton*, 768 F.2d at 1085 (citing *Engle v. Isaac*, 456 U.S. 107, 119 (1982)); *Gutierrez v. Griggs*, 695 F.2d 1195, 1197 (9th Cir. 1983). In order to warrant federal habeas relief, a challenged jury instruction "cannot be merely 'undesirable, erroneous, or even "universally condemned,"' but must violate some due process right guaranteed by the fourteenth amendment." *Prantil v. California*, 843 F.2d 314, 317 (9th Cir. 1988) (quoting *Cupp v. Naughten*, 414 U.S. 141, 146 (1973)). To prevail on such a claim petitioner must demonstrate "that an erroneous instruction 'so infected the entire trial that the resulting conviction violates due process.'" *Prantil*, 843 F.2d at 317 (quoting *Darnell v. Swinney*, 823 F.2d 299, 301 (9th Cir. 1987)). In making its determination, this court must evaluate the challenged jury instructions "'in the context of the overall charge to the jury as a component of the entire trial process.'" *Id.* (quoting *Bashor v. Risley*, 730 F.2d 1228, 1239 (9th Cir. 1984)). Further, in reviewing an allegedly ambiguous instruction, the court "must inquire 'whether there is a reasonable likelihood that the jury has applied the challenged instruction in a way' that violates the Constitution." *Estelle*, 502 U.S. at 72 (quoting *Boyde v. California*, 494 U.S. 370, 380 (1990)).

The California Court of Appeal concluded that the trial court's jury instruction error was harmless because the jury instructions as a whole correctly explained the prosecutor's burden of proof to the jury. Specifically, the state court concluded that because petitioner's jury was correctly instructed on the definition of "reasonable doubt," the presumption of innocence, and the burden of proof, the jury would "not have understood the incorrect instructions to allow a conviction without the prosecutor having proved each element of the charges beyond a reasonable doubt." Opinion at 4-5.

In order to grant habeas relief where a state court has determined that a constitutional error was harmless, a reviewing court must determine: (1) that the state court's decision was "contrary to" or an "unreasonable application" of Supreme Court harmless error precedent, and (2) that the petitioner suffered prejudice from the constitutional error, as that term is defined in

7

*Brecht*. *Mitchell v. Esparza*, 540 U.S. 12, 17-18 (2003)*; Inthavong v. LaMarque*, 420 F.3d 1055, 1059 (9th Cir. 2005). *See also Fry v. Pliler*, 551 U.S. 112, 121-22 (2007) ("in § 2254 proceedings a federal court must assess the prejudicial impact of constitutional error in a state-court criminal trial under the 'substantial and injurious effect' standard set forth in *Brecht*, 507 U.S. 619, whether or not the state appellate court recognized the error and reviewed it for harmlessness under the 'harmless beyond a reasonable doubt' standard set forth in *Chapman [v. California*], 386 U.S. 18 "). Both of these tests must be satisfied before relief can be granted and, because both must be satisfied, a court need not address them in any particular order. *Inthavong*, 420 F.3d at 1061.

> Harmless error determinations are highly fact-specific. They often involve a review of the entire trial record. Under *Brecht*, we will often make numerous independent evaluations about the weight and sufficiency of the various items of evidence, the inferences to be drawn, and the different theories of the case. Under AEDPA, we simply concern ourselves with the reasonableness of the evaluations and conclusions that the state court explicitly or implicitly made, although requiring the state court to meet the more stringent 'beyond a reasonable doubt' standard.

*Id.* at 1060. Moreover, this court's view of what is reasonable is not determinative; if the state court's evaluation is also reasonable, petitioner is not entitled to habeas relief under the AEDPA. *Kessee v. Mendoza-Powers*, 574 F.3d 675, 676 (9th Cir. 2009).

      This court agrees with the California Court of Appeal that the trial court's erroneous instruction to the jury did not result in prejudice in this case. Petitioner's jury was correctly instructed on the definition of reasonable doubt and the burden of proof, and was also instructed on the prosecutor's burden to "prove beyond a reasonable doubt every essential element of the charge or charges against him." RT at 299-300. The jury was instructed to consider the instructions as a whole and not to single out any particular instruction. *Id.* at 291. In addition, as noted by respondents, the trial court gave the erroneous instruction in an attempt to clarify for the jury that petitioner's failure to testify could not fill any evidentiary gaps in the prosecution's case, and not to define the prosecutor's burden of proof. Under these circumstances, the court's

8

erroneous but vague reference to "some proof of each element of the crime" could not have caused the jury to disregard the other instructions on the correct burden of proof. *See Weeks v. Angelone*, 528 U.S. 225, 234 (2000); (the jury is presumed to follow the jury instructions); *United States v. Reed*, 147 F.3d 1178, 1180 (9th Cir. 1998) (same). There is no evidence the jury misunderstood the instructions to require a lesser burden from the prosecutor than proof beyond a reasonable doubt. The California Court of Appeal's conclusion that this jury instruction error was harmless is not contrary to or an unreasonable application of United States Supreme Court precedent. Accordingly, petitioner is not entitled to relief on this claim.

### 2. **Insufficient Evidence**

Petitioner claims that the evidence introduced at his trial was insufficient to support his conviction on count one, grand theft of personal property. Pet. at 5. He argues, "a conviction for larceny by false pretense requires a false representation beyond the passing of a false check." *Id.*

This claim was rejected by the California Court of Appeal in a written decision on petitioner's direct appeal, and by the California Supreme Court without comment on petition for review. Lodged Docs. 1, 2. The California Court of Appeal explained its reasoning as follows:

> Defendant claims there was insufficient evidence that he committed the theft in count one by false pretenses. Specifically, he asserts that larceny by false pretenses "requires a false representation beyond the passing of a false check" (caps.omitted) and that there was no evidence he made either a note or memorandum in writing, or orally, in addition to the check.
>
> "'To determine sufficiency of the evidence, we must inquire whether a rational trier of fact could find defendant guilty beyond a reasonable doubt. In this process we must view the evidence in the light most favorable to the judgment and presume in favor of the judgment the existence of every fact the trier of fact could reasonably deduce from the evidence. To be sufficient, evidence of each of the essential elements of the crime must be substantial and we must resolve the question of sufficiency in light of the record as a whole.'" (*People v. Carpenter* (1997) 15 Cal.4th 312, 387, quoting *People v. Johnson* (1993) 6 Cal.4th 1, 38; *see Jackson v. Virginia* (1979) 443 U.S. 307, 317-320 [61 L.Ed.2d 560, 572-574].)

////

> Section 532, subdivision (b) provides certain requirements for the elements of theft by false pretenses as reflected in CALJIC No. 14.14, given as follows:
>
> "The defendant cannot be convicted of theft by false pretenses unless:
>
> "Number one, that false pretense or some note or memorandum thereof is in [a] writing subscribed by the defendant or is in his handwriting.
>
> "Or, number two, on [ sic ] oral false pretense is accompanied by a false token or writing."[5]
>
> Defendant argues there was insufficient evidence because the check itself may not be considered as a writing subscribed by defendant that accompanies the false representation, citing *People v. Mason* (1973) 34 Cal.App.3d 281, at page 288 (hereafter *Mason*).
>
> Assuming for purpose of discussion that *Mason* was decided correctly, we conclude that the prosecution presented substantial evidence of a writing subscribed by defendant which accompanied defendant's false pretense. The store manager testified that she put defendant's check address on the sales slip, not the address on his identification card, because it was her practice to ask a customer which address to use. Defendant initialed the sales slip at the time he provided the false check and received the ring. This suffices as a false writing, other than the check, subscribed by defendant that accompanied his false representation and, thus, that supports his conviction for the theft by false pretenses.

Opinion at 5-6.

The question before this court is whether the state court's conclusion that sufficient evidence supported petitioner's conviction on count one is contrary to or an unreasonable application of United States Supreme Court case law. There is sufficient evidence to support a conviction if, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). "[T]he dispositive question under

---

[5] The court struck, as inapplicable to the facts of this case, a third option set forth in CALJIC No. 14.14, i.e., "The false pretense is proved by the testimony of two witnesses or that of one witness and corroborating circumstances."

*Jackson* is 'whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt.'" *Chein v. Shumsky*, 373 F.3d 978, 982 (9th Cir. 2004) (quoting *Jackson*, 443 U.S. at 318). A petitioner in a federal habeas corpus proceeding "faces a heavy burden when challenging the sufficiency of the evidence used to obtain a state conviction on federal due process grounds." *Juan H. v. Allen*, 408 F.3d 1262, 1274, 1275 & n.13 (9th Cir. 2005). In order to grant the writ, the habeas court must find that the decision of the state court reflected an objectively unreasonable application of *Jackson* and *Winship* to the facts of the case. *Id.*

The court must review the entire record when the sufficiency of the evidence is challenged in habeas proceedings. *Adamson v. Ricketts*, 758 F.2d 441, 448 n.11 (9th Cir. 1985), *vacated on other grounds*, 789 F.2d 722 (9th Cir. 1986) (en banc), *rev'd*, 483 U.S. 1 (1987). It is the province of the jury to "resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. If the trier of fact could draw conflicting inferences from the evidence, the court in its review will assign the inference that favors conviction. *McMillan v. Gomez*, 19 F.3d 465, 469 (9th Cir. 1994). The relevant inquiry is not whether the evidence excludes every hypothesis except guilt, but whether the jury could reasonably arrive at its verdict. *United States v. Mares*, 940 F.2d 455, 458 (9th Cir. 1991). "The question is not whether we are personally convinced beyond a reasonable doubt. It is whether rational jurors could reach the conclusion that these jurors reached." *Roehler v. Borg*, 945 F.2d 303, 306 (9th Cir. 1991). The federal habeas court determines the sufficiency of the evidence in reference to the substantive elements of the criminal offense as defined by state law. *Jackson*, 443 U.S. at 324 n.16; *Chein*, 373 F.3d at 983.

Viewing the evidence in the light most favorable to the verdict, and for the reasons expressed by the state appellate court, there was sufficient evidence from which a reasonable trier of fact could have found beyond a reasonable doubt that petitioner was guilty of grand theft, as charged in count one. Accordingly, the conclusion of the state court that the jury's finding as true the burglary special circumstance allegation was supported by sufficient evidence is not

1 contrary to United States Supreme Court authority and may not be set aside.

**III. Conclusion**

For all of the foregoing reasons, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: February 25, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE